IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Jonathan D. Cudger,

                Plaintiff,

v.

Monterio D. Stidwell, and the City of Atlanta, Georgia,

                Defendants.

_____/

Case No. 1:17-cv-02182

Michael L. Brown
United States District Judge

## **ORDER**

Plaintiff Jonathan Cudger began training as a firefighter recruit with the Atlanta Fire Rescue Department ("AFRD"), but after getting arrested for driving under the influence, Defendant Chief Monterio Stidwell fired him. Plaintiff sued Chief Stidwell and the City of Atlanta alleging procedural due process and breach of contract claims. Defendants move to dismiss. (Dkts. 40; 41.) The Court grants their motions.

## I.  Factual Background

Plaintiff Jonathan Cudger started working for AFRD as a firefighter recruit on January 29, 2015.  (Dkt. 37 ¶ 9.)  While still a recruit, he got into a car accident and was arrested for driving under the influence of alcohol and failing to maintain a lane.  (*Id.* ¶ 10.)  Plaintiff reported the incident immediately to his supervisor, as required by the AFRD recruit manual.  (*Id.* ¶ 11.)  Defendant Stidwell, an AFRD Section Fire Chief, terminated Plaintiff's employment.  (Dkts. 37 ¶ 13; 37-1 at 1.)

In his complaint, Plaintiff denies that he was driving under the influence of alcohol.  He insists that "to date all cases have been dismissed by the Prosecutors, and he remains not guilty of any charges against him." (Dkt. 37 ¶ 21.)  Plaintiff alleges he "was not afforded equal protection of the law" and had a vested property interest in his employment with AFRD that Defendants unconstitutionally took from him.[1]  (*Id.* ¶¶ 22, 25.)  He thus claims that he "was denied due process in

---

[1] Plaintiff claims that by being selected as an applicant, he had "a vested interest in his employment as a recruit." (Dkt. 37 ¶ 9.)  The Court need not accept these legal conclusions on a motion to dismiss, however, and disregards them.  *See Iqbal*, 556 U.S. at 678 (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation").

that there was no cause to terminate him and according to his contract of employment with the City progressive discipline should have been given." (*Id.* ¶ 16.) Despite alleging a breach of contract claim, Plaintiff never mentions what specific contractual provision guaranteed progressive discipline or even on what contract he bases his claim. He does, however, attach excerpts of the recruit manual to his amended complaint. (Dkts. 37-4; 37-5; 37-6.)

Generally, on a 12(b)(6) motion, courts are limited to the four corners of the complaint. *Bickley v. Caremark RX, Inc.*, 461 F.3d 1325, 1329 n.7 (11th Cir. 2006). A court, however, may consider extrinsic documents if (1) the parties do not dispute their authenticity and (2) the documents are central to the plaintiff's claim. *SFM Holdings, Ltd. v. Banc of Am. Secs., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). The recruit manual and disciplinary manual meet both requirements, and the Court will consider them in ruling on Defendants' motions to dismiss.

Plaintiff also includes various allegations about how Defendant Stidwell wrongfully terminated him "instead of imposing various levels of corrective actions called for by the rules" in the recruit manual. (Dkt. 37 ¶ 13.) The manual, however, explicitly states that "[a]ny such incident

3

[like Plaintiff's arrest for DUI] may subject a recruit to penalties, including demerits, relief of duty without pay pending adjudication of the charges[,] *and/or dismissal* from the AFRTA and AFRD." (Dkt. 37-4 at 1 (emphasis added).) Plaintiff further alleges that Defendant Stidwell had no authority to fire Plaintiff because of a rule on adverse disciplinary action. As discussed below, however, the adverse disciplinary actions explicitly did not apply to Plaintiff, as a probationary employee.

The Atlanta municipal code[2] subjects AFRD recruits to a six-month probationary period of employment. Atlanta City Code § 78–33 specifically provides:

> Any person selected as a fire recruit shall be duly notified and, upon accepting and reporting for duty, shall be appointed for a probationary period that shall commence upon appointment and continue until six months after the completion of the required training at the fire academy.
>
> If the conduct and efficiency shall at any time during the probationary period be unsatisfactory to the fire chief or the fire chief's designee, the person shall be notified in writing, relieved from duty and the person's name stricken from the list. If the person's services during this probationary period have been satisfactory to the fire chief, the person shall be so notified in writing and the person's name placed on the list of regular firefighters.

---

[2] Under Federal Rule of Evidence 201, the Court takes judicial notice of the Atlanta Code of Ordinances. *See* Fed. R. Evid. 201(c)(2).

4

Atlanta City Code § 78–33. Plaintiff's complaint acknowledges, and no one disputes, that he was still within this six-month probationary period, having worked as an AFRD recruit for only about three months before being arrested for DUI and fired.

Two years after his termination, Plaintiff sued Defendants City of Atlanta and Monterio D. Stidwell. He originally filed his complaint in the Superior Court of Fulton County, which Defendants properly removed to federal court. (Dkt. 1.) Defendants then moved to dismiss. (Dkt. 8.) Finding Plaintiff's original complaint legally deficient, the Court granted Defendants' motion to dismiss but ordered Plaintiff to file an amended complaint to fix the shortcomings identified during the oral argument hearing. (Dkt. 34.) Plaintiff then filed an amended complaint, and Defendants have again moved to dismiss it. (Dkts. 37; 40; 41.)

## II.  Legal Standard

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  At the motion to dismiss stage, a court accepts all well-pleaded facts accepted as true and construes all reasonable inferences in the light most favorable to the plaintiff as the nonmovant.  *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273 n.1 (11th Cir. 1999).  Detailed factual allegations are not required, but a pleading must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." *Twombly*, 550 U.S. at 555.

### III. Discussion & Analysis

#### A. Procedural Due Process Constitutional Claim

Plaintiff alleges that he "had a constitutionally protected property interest in his continued employment with the City" and that his termination without appeal rights violated "his due process rights afforded him by the Fourteenth Amendment of the United States [sic] and Georgia."  (Dkt. 43-1 at 2.)  Defendants counter that, because Plaintiff was still within his probationary period as a recruit, he had no protected interest in his employment and could be terminated at-will.  The Court agrees.

"The Fourteenth Amendment protects against the government's deprivation of liberty or property without procedural due process." *Warren v. Crawford*, 927 F.2d 559, 563 (11th Cir. 1991). Though Plaintiff does not mention 42 U.S.C. § 1983, the Court construes his allegations as a Section 1983 claim. *Wallace v. Bd. of Regents*, 967 F. Supp. 1287, 1292 (S.D. Ga. 1997) (citing *Zinermon v. Burch*, 494 U.S. 113 (1990)). To establish a claim under Section 1983, "a plaintiff must show that a person acting under color of state law deprived him [or her] of a federal or constitutional right." *Id.* (citing *Edward v. Wallace Cmty. Coll.*, 49 F.3d 1517, 1522 (11th Cir. 1995)).

"Typically, probationary employees are thought to lack property interests in their employment because they are 'at will' employees without a legitimate claim of entitlement to continued employment." *Ross v. Clayton Cty.*, 173 F.3d 1305, 1308 (11th Cir. 1999). State law ultimately determines whether a public employee has a property interest in his employment, however. *Warren*, 927 F.2d at 562. A plaintiff has a constitutionally protected property interest "if there are 'rules or mutually explicit understandings that support [a] claim of entitlement.'" *Id.* (citing *Perry v. Sindermann*, 408 U.S. 593, 601 (1972)). He thus must

have "more than a mere unilateral expectation of continued employment; one must have a legitimate claim of entitlement to continued employment." *Id*.  But under Georgia law, there is a statutory presumption that, absent a controlling contract between the parties, employment for an indefinite period is terminable at will by either party. GA. CODE ANN. § 34–7–1.

In contrast, public employees in Georgia do generally enjoy a property interest in their continued employment — when they can be terminated only for cause. *Crowell v. City of Eastman*, 859 F.2d 875, 877 (11th Cir. 1988).  Plaintiff was not one of those employees. *See Ross*, 173 F.3d at 1308.  He was a probationary employee.  And because of that, his employment was not subject to the adverse action procedures set out in the recruit disciplinary manual or to the civil service protections under the Atlanta City Code.  Instead, he could be terminated if his conduct was "at any time during the probationary period . . . unsatisfactory to the fire chief or the fire chief's designee." Atlanta City Code § 78–33. Defendant Stidwell was that designee and thus was essentially able to terminate Plaintiff's employment for unsatisfactory conduct, without going through the adverse action procedures required for "regular, nonprobationary

8

employee[s] in the classified service of the city." (Dkt. 40 at 6.)  In its brief in support of its motion to dismiss, Defendant City of Atlanta includes a systematic discussion of the probationary versus non-probationary categories for public employees and which protections each are entitled to as a result of their employment status. (*Id.* at 3–10.) The Court incorporates that thorough analysis here.

Plaintiff also argues that, rather than being terminated immediately, he should have received demerits or other lesser disciplinary actions. (Dkt. 42-1 at 12.)  But as probationary employees, AFRD recruits are not entitled to the progressive discipline procedures set forth in the City's labor-management relations ordinance.  This is because that ordinance's definitions of "adverse action" and "disciplinary action" expressly *exclude* probationary employees.  *See* Atlanta City Code § 114–502 (defining "adverse action" as applying only to "a regular, nonprobationary employee in the classified service of the city"). So because Plaintiff, as a probationary AFRD recruit, was excluded from the class of employees against whom "adverse action" or "disciplinary action" can be taken, the for-cause requirement in Atlanta City Code § 114–528 does not apply to him.  *See Stidwell v. City of Atlanta*, No. 1-16-cv-03375-

MHC, 2018 WL 4999971, at *5 (N.D. Ga. Feb. 8, 2018) (concluding plaintiff was exempt from the for-cause requirement because he was among the AFRD officers excluded from the definition of employees against whom the City could take adverse or disciplinary action); *see also Brown v. City of Atlanta*, No. 1:17-CV-02424-MHC, ECF No. 33 at 11–12 (N.D. Ga. Oct. 15, 2018) ("Because Brown was an unclassified employee who is excluded from Section 114-502's definition of the class of employees against whom adverse or disciplinary actions can be taken, the Court finds that Brown is exempted from Section 114–528(a)'s for-cause requirement."). As a probationary employee then, Plaintiff had no constitutionally protected property interest in his employment and cannot state a claim for relief. *See Stidwell*, 2018 WL 4999971, at *6 (granting summary judgment to defendant employer). The Court dismisses the first count of Plaintiff's amended complaint.

In response, Plaintiff argues as an alternative basis for his claim that he was denied a proper appeals process and that he was not aware of the process, even though it was in the recruit manual. (Dkt. 42-1 at 14.) He did, however, know to report his arrest to his superiors, as also required by the AFRD recruit manual. (Dkts. 37 ¶ 11; 40-6 at 13.) The

10

Court agrees with Defendants that "Plaintiff cannot choose to be aware of select policies and procedures" and ignore others. (Dkt. 45 at 5.) His complaint also specifically undermines this argument because he alleges that he "was given rules and regulations in a manual." (Dkt. 37 ¶ 41.) As a probationary employee, Plaintiff could be — and was — terminated, without the right to an appeal, as a result of his arrest for a felony offense.

Even if that were not the case, however, he alleges nothing in his complaint suggesting he made any effort to follow the procedure outlined in the manual, which requires "[a] recruit who feels that he/she is not guilty of the charged infraction [to] file an appeal by the next work day. Any appeal not received by the next workday will not be accepted." (Dkt. 40-6 at 23.) Plaintiff's amended complaint contains no factual allegations about any steps he took to appeal his termination, beyond filing this lawsuit two years after his firing. For this added reason, the Court finds Plaintiff's procedural due process claim subject to dismissal.

### B. Breach of Contract Claim

The Court likewise finds Plaintiff's breach of contract claim legally deficient under Rule 12(b)(6). He alleges he had a contract with AFRD "for so long a term as he complied with the rules and regulations of the

11

rule books supplied to him by his employees [sic]." (Dkt. 42-1 at 15.) Plaintiff thus functionally admits that he was an at-will employee. *See Farrior v. H.J. Russell & Co.*, 45 F. Supp. 2d 1358, 1363 n.2 (N.D. Ga. 1999) ("Under Georgia law, an employer-employee relationship without explicit terms and conditions setting the duration of that relationship is deemed to be 'at will.'"). And thus, he was not a contracted-term-employee able to sue for breach of contract. This is because under Georgia law, "a promise of employment for an indefinite term is insufficient to support a cause of action for breach of contract." *Murtagh v. Emory Univ.*, 152 F. Supp. 2d 1356, 1365 (N.D. Ga. 2001); *see also Johnson v. Metro. Atlanta Rapid Trans. Auth.*, 429 S.E.2d 285, 287 (Ga. Ct. App. 1993) ("It is undisputed that Johnson's employment with MARTA was for an indefinite term, and for that reason was terminable at the will of the employer, with no resulting cause of action for breach of contract.").

As a result, Plaintiff's breach of contract claim against the City must be dismissed. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 913 (11th Cir. 1993) (affirming dismissal of breach of contract claim arising from municipal employee's termination); *Everson v. DeKalb Cty.*

*Sch. Dist.*, 811 S.E.2d 9, 13 (Ga. Ct. App. 2018) (affirming dismissal of breach of contract claim asserted based on wrongful termination of municipal employment).

But even beyond the fact that Plaintiff cannot maintain a claim for breach of contract because he was an at-will employee, his breach of contract claim is doubly deficient because he identifies no specific provision that he accuses Defendants of breaching or even any valid contract capable of enforcement. *See Gray v. Bank of Am., N.A.*, No. 1:16-CV-01135-RWS, 2017 WL 552780, at *6 (N.D. Ga. Feb. 10, 2017) (dismissing plaintiff's breach of contract claim for failure to identify a specific contract, failure to attach the contract to the complaint, and failure to specify what provisions defendant breached). For each of these reasons, the Court holds that Plaintiff's breach of contract claim must be dismissed under Rule 12(b)(6).[3]

## IV. Conclusion

The Court **GRANTS** Defendant City of Atlanta's Motion to Dismiss (Dkt. 40) and **GRANTS** Defendant Monterio D. Stidwell's

---

[3] Because the Court dismisses both counts of Plaintiff's amended complaint for failure to state a claim under Rule 12(b)(6), the Court need not address the qualified immunity issues raised by Defendant Stidwell.

13

Motion to Dismiss (Dkt. 41). The Court **DISMISSES** Plaintiff's First Amended Complaint (Dkt. 37) for failure to state a claim.

**SO ORDERED** this 11th day of March, 2020.

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE